IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL STUART, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:25-cv-198-X-BN |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER ON
PENDING NON-DISPOSITIVE MOTIONS**[1]

**Background**

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Brantley Starr. *See* Dkt. No. 1.

Plaintiff Michael Stuart, proceeding *pro se*, filed this lawsuit against Defendant United States of America under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1246(b)(1) and 1402(b), bringing claims of medical negligence against employees of the Department of Veterans Affairs ("VA"). *See* Dkt. No. 1 at 1.

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

## Summary

Plaintiff Stuart has filed the following five pending non-dispositive motions:

- Plaintiff's Motion for Judicial Recognition of Independent VA Negligence under FTCA [Dkt. No. 10];
- Plaintiff's Motion for Reasonable Accommodations under the Americans with Disabilities Act [Dkt. No. 11];
- Plaintiff's Motion for Coordination of Discovery with Related State Court Proceeding [Dkt. No. 12];
- Plaintiff's Motion for Equitable Tolling of the FTCA Six-Month Limitations Period [Dkt. No. 32]; and
- Plaintiff's Motion for Judicial Determination that Dr. Ankit Patel and UTSW were Employees/Agents of the United States [Dkt. No. 33].

For the reasons and to the extent explained below, the Court ORDERS Defendant United States of America to respond to:

- Plaintiff's Motion for Judicial Recognition of Independent VA Negligence under FTCA [Dkt. No. 10].

For the reasons and to the extent explained below, the Court DENIES WITHOUT PREJUDICE:

- Plaintiff's Motion for Reasonable Accommodations under the Americans with Disabilities Act [Dkt. No. 11] and
- Plaintiff's Motion for Coordination of Discovery with Related State Court Proceeding [Dkt. No. 12].

The United States has filed responses to:

- Plaintiff's Motion for Equitable Tolling of the FTCA Six-Month Limitations Period [Dkt. No. 32] and
- Plaintiff's Motion for Judicial Determination that Dr. Ankit Patel and UTSW were Employees/Agents of the United States [Dkt. No. 33].

Stuart may file reply briefs that comply with the instructions below. The Court withholds a ruling on the above two motions until they are ripe for decision.

Analysis

I. **Motion for Judicial Recognition of Independent VA Negligence**

Stuart moves the Court to recognize that his FTCA claims against the United States include "independent acts of negligence committed by [VA] employees acting within the scope of their federal employment, and not solely acts attributable to community care contractors." Dkt. No. 10.

The United States must file a written response to the motion by **October 22, 2025**. The response must be accompanied by or incorporate a brief, and the response and the brief must not together exceed 30 pages in length, excluding any table of contents and table of authorities.

Stuart may file a reply brief, but no additional documents, by **November 5, 2025**. The reply must not exceed 15 pages in length.

II. **Motion for Reasonable Accommodations under the Americans with Disabilities Act**

Stuart moves for special consideration regarding hearing and filing deadlines, procedural requirements, and physical accommodations. *See* Dkt. No. 11.

If a party seeks a court order as to a particular matter, the party must file a motion that complies with the requirements of Federal Rule of Civil Procedure 7(b); Northern District of Texas Local Civil Rules 7.1 and 7.2; and this Court's Order Regarding Court's Expectations for Parties. *See* FED. R. CIV. P. 7(b)(1); Dkt. No. 23.

If Stuart requires an extension of time for a particular filing, to continue a particular hearing, or to produce a particular document, he must file a motion that sets out good cause for the specific relief he requests in each instance. And if he

requires a physical accommodation, such as submitting written testimony instead of appearing before this Court, he must file a motion setting out good cause for each accommodation he seeks.

And, so, the Court declines to grant Stuart's motion for accommodations at this time. Stuart may file motions for particular accommodations or extensions as the need for them arises.

### III.   Motion to Coordinate Discovery with Related State Court Proceeding

Stuart moves the Court to "[t]ake judicial notice of relevant proceedings, testimony, evidence, and rulings from the state court proceedings" related to this case. Dkt. No. 12 at 5; *see Stuart v. Patel & Univ. of Tex. Sw. Med. Ctr.*, No. DC-25-03593 (134th Dist. Ct. Dallas County, Tex. Mar. 3, 2025).

Under Federal Rule of Evidence 201, a district court may "take judicial notice of the state court's orders, final judgment, and docket as matters of public record." *Stiel v. Heritage Numismatic Auctions, Inc.*, 816 F. App'x 888, 892 (5th Cir. 2020) (per curiam) (cleaned up).

If Stuart wishes that the Court take judicial notice of particular orders, evidence, or testimony from the related state court proceeding, he must file a motion requesting the Court to do so in each instance. And the parties must first discuss among themselves any issues about coordinating discovery before asking the Court to admit discovery from the state proceedings as evidence.

And, so, the Court declines to grant Stuart's motion to coordinate discovery at this time. Stuart may move the Court to take judicial notice of particular state court

documents or admit certain evidence as the need arises.

### IV.     Motions for Equitable Tolling and Judicial Determination

Stuart moves for equitable tolling of the FTCA limitation period. *See* Dkt. No. 32. And he moves the Court to determine that Dr. Ankit Patel and the University of Texas Southwestern Medical Center were employees or agents of the United States. *See* Dkt. No. 33.

The United States has filed a response to each motion. *See* Dkt. No. 34 & 35.

Stuart may file a reply brief to each response, but no additional documents, by **October 14, 2025**. Each brief must not exceed 15 pages in length.

And, so, the Court declines to rule on the above two motions until they are ripe for decision.

### Conclusion

The Court rules on Stuart's motions as explained above.

The Court intends to rule on the pending motions based on the parties' written submissions, without hearing oral argument. *See* N.D. Tex. L. Civ. R. 7.1(g) ("Unless otherwise directed by the presiding judge, oral argument on a motion will not be held."). However, the Court, in its discretion or upon the request of any party, may schedule oral argument prior to ruling on the motion. Any party who desires oral argument must file a written request with the Court by **November 5, 2025.**

The deadlines set forth in this order will not be modified except upon written motion for good cause shown. Further, the Court strongly discourages any request to extend any of these deadlines through a motion that is filed within three business

days of the existing deadline and will grant any such motion only upon a showing in the written motion of extraordinary circumstances.

Please note that deadlines in this order are for filing or delivery and are not mailing dates. The failure to comply with any part of this order may result in the imposition of sanctions, s*ee* Fed. R. Civ. P. 16(f), and may lead to dismissal for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

SO ORDERED.

DATED: October 2, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE