IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL STUART, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:25-cv-198-X-BN |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Brantley Starr. *See* Dkt. No. 1.

Plaintiff Michael Stuart, proceeding *pro se*, filed this lawsuit against Defendant United States of America under the Federal Tort Claims Act ("FTCA"), bringing claims of medical negligence against employees of the Department of Veterans Affairs ("VA"). *See* Dkt. No. 3 at 1.

Stuart has filed the following three pending non-dispositive motions:

- Plaintiff's Motion for Judicial Recognition of Independent VA Negligence under FTCA [Dkt. No. 10];
- Plaintiff's Motion for Equitable Tolling of the FTCA Six-Month Limitations Period [Dkt. No. 32]; and
- Plaintiff's Motion for Judicial Determination that Dr. Ankit Patel and UTSW were Employees/Agents of the United States [Dkt. No. 33].

The Court ordered the United States to respond to the pending motions and ordered Stuart to reply. *See* Dkt. No. 37. The deadlines for briefing the motions have

- 1 -

now passed.

For the reasons and to the extent explained below, the Court should deny the motions [Dkt. Nos. 10, 32, & 33] without prejudice.

## Legal Standards and Analysis

I.   <u>**Motion for Judicial Recognition of Independent VA Negligence**</u>

Stuart moves the Court to recognize that his FTCA claims against the United States "include independent acts of negligence committed by [VA] employees acting within the scope of their federal employment, and not solely acts attributable to community care contractors." Dkt. No. 10 at 1. The motion "addresses the Government's anticipated defense – already stated in its administrative denial letters – that the VA bears no liability because the initial surgery was performed by a non-employee contractor." *Id.*

And, in his reply, Stuart adds that he "does not seek an early determination of liability or damages." Dkt. No. 40 at 1. Rather, Stuart filed his motion "solely to clarify that Plaintiff's FTCA claim encompasses independent acts of negligence by [VA] employees in post-operative care following the 2021 surgery – not merely the actions of any community-care contractor." *Id.*

Assuming first that Stuart seeks judgment on an anticipated defense, the undersigned agrees with the United States in construing the motion as one for partial summary judgment. *See* Dkt. No. 38 at 4 (citing FED. R. CIV. P. 56(a) ("A party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought.").

Under Federal Rule of Civil Procedure 56, summary judgment is proper "if the

- 2 -

movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual "issue is material if its resolution could affect the outcome of the action." *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003). And "[a] factual dispute is 'genuine,' if the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." *Crowe v. Henry*, 115 F.3d 294, 296 (5th Cir. 1997).

The United States argues that Stuart's motion is premature, in part because "basic discovery is ongoing, including discovery into the facts and circumstances surrounding the actions of VA employees who provided Mr. Stuart with medical care following his 2021 surgery." *Id.* at 7.

The undersigned treats the United States's argument as a motion under Federal Rule of Civil Procedure 56(d) for a continuance to obtain further discovery. *See McDougall v. Binswanger Mgmt. Corp.*, No. 3-12-cv-2563-D, 2012 WL 1109551, at *3 (N.D. Tex. Apr. 3, 2012) (treating argument that summary judgment nonmovant has not had full opportunity to conduct discovery as request for relief under Rule 56(d)); *see also Dresser-Rand Co. v. Schutte & Koerting Acquisition* Co., No. H-12-184, 2012 WL 3150342, at *6 (S.D. Tex. Aug. 1, 2012) (finding that assertion that motion for summary judgment is premature absent further discovery is, in effect, a motion under Rule 56(d)).

Under Rule 56(d), the Court may "(1) defer considering the [summary judgment] motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." FED. R.

CIV. P. 56(d). Motions under Rule 56(d) are generally favored and should be liberally granted. *Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006) (referring to former Rule 56(f)); *Int'l Shortstop, Inc. v. Rally's Inc.*, 939 F.2d 1257, 1267 (5th Cir. 1991). To warrant relief under Rule 56(d), "a party must indicate to the court by some statement ... why [it] needs additional discovery and how the additional discovery will create a genuine issue of material fact." *Stults v. Conoco, Inc.*, 76 F.3d 651, 657-58 (5th Cir. 1996) (quoting *Krim v. BancTexas Grp., Inc.*, 989 F.2d 1435, 1442 (5th Cir. 1993)).

Here, the United States argues that, "[o]nce basic discovery has concluded, there will be a more fully developed factual record of whether the VA employees met the applicable standard of care." Dkt. No. 38 at 7.

Stuart clarified that he does not seek determination of the VA's liability at this time. *See* Dkt. No. 40 at 1. Nonetheless, the undersigned finds that asking the Court to make factual findings or reach legal conclusions about the employment status of the relevant actors is premature at this stage. The deadline for the parties to complete discovery is March 31, 2026, and the dispositive motions deadline is May 15, 2026. *See* Dkt. No. 28. And the United States has argued, and Stuart does not dispute, that the parties have not had an opportunity to conduct comprehensive discovery. *See* Dkt. No. 28 at 7-8; *see also Bailey v. KS Mgmt. Servs., L.L.C.*, 35 F.4th 397, 401 (5th Cir. 2022) ("Summary judgment is appropriate only where 'the plaintiff has had a full opportunity to conduct discovery.'" (citations omitted)).

Assuming, in the alternative, that Stuart does not move for judgment but

- 4 -

merely seeks to clarify his complaint, his motion is still improper. Stuart may amend his complaint with the parties' consent or the Court's leave, as explained in the Initial Scheduling Order. *See* Dkt. No. 10. But the Court should not rewrite or refine his complaint for him. *See Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (internal quotation marks and citation omitted). To do so would "transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party.'" *Jones v. Mangrum*, No. 3:16-cv-3137, 2017 WL 712755, at \*1 (M.D. Tenn. Feb. 23, 2017) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)).

And, so, the Court should deny Stuart's motion for judicial recognition [Dkt. No. 10] without prejudice.

## II.    <u>Motion for Equitable Tolling</u>

Stuart moves for equitable tolling of the FTCA limitation period. *See* Dkt. No. 32.

Under the FTCA's statute of limitations, "a tort claim against the United States 'shall be forever barred' unless it is presented to the 'appropriate Federal agency within two years after such claim accrues' and then brought to federal court 'within six months' after the agency acts on the claim," *United States v. Wong*, 575 U.S. 402, 410 (2015) (quoting 28 U.S.C. § 2401(b)).

The statute of limitations, however, is "nonjurisdictional and subject to equitable tolling." *Id.* at 420. Even so, "a litigant is entitled to equitable tolling of a

statute of limitations only if the litigant establishes two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 255 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)); *see also Stamper v. Duval Cty. Sch. Bd.*, 863 F.3d 1336, 1342 (11th Cir. 2017) ("Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond [his] control and unavoidable even with diligence." (citation omitted)).

Importantly, "the second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control." *Menominee Indian Tribe*, 577 U.S. at 257 (emphasis in original); *see, e.g., Farmer v. D&O Contractors*, 640 F. App'x 302, 307 (5th Cir. 2016) (per curiam) (holding that a party's mistaken belief is not an extraordinary circumstance" (citing *Menominee Indian Tribe*, 577 U.S. at 256-58)).

Stuart filed this lawsuit on January 27, 2025. *See* Dkt. No. 3. His complaint alleges that, "[o]n March 12, 2024, the VA issued a denial of Plaintiff's administrative claim. However, Plaintiff was hospitalized from January to June 2024 and unable to receive the letter. The VA later re-mailed the denial letter in December 2024, at which time Plaintiff received it. This delay, coupled with Plaintiff's incapacitation, constitutes extraordinary circumstances warranting equitable tolling." *Id.* at 5.

And, so, Stuart raised equitable tolling in his complaint and "allege[d] specific facts" to support both prongs of "a plausible equitable tolling claim." *Taggart v.*

*Norwest Mortg., Inc.*, No. 09-1281, 2010 WL 114946, at \*3 (E.D. Pa. Jan. 11, 2011); *cf. Chandra v. Bowhead Sci. & Tech., LLC*, No. 3:16-cv-375-B, 2018 WL 1252097, at \*4 (N.D. Tex. Mar. 12, 2018) ("[C]ourts 'still require *pro se* parties to fundamentally "abide by the rules that govern the federal courts."' So *pro se* 'litigants must properly plead sufficient facts that, when liberally construed, state a plausible claim to relief, ... and brief arguments on appeal.' Chandra's pleadings fall short of that goal by failing to allege any plausible facts entitling him to equitable tolling." (quoting *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014))); *Peterson v. United States*, No. 8:18-cv-217-T-17TGW, 2018 WL 1832417, at \*2 (M.D. Fla. Feb. 16, 2018) ("The FTCA's limitation period, however, is subject to equitable tolling. The plaintiff does not even mention that it applies. In light of the length of time between the death and the filing of this lawsuit, a claim of equitable tolling would seemingly be implausible and thus frivolous." (citation omitted)), *rec. adopted*, 2018 WL 1832419 (M.D. Fla. Mar. 14, 2018).

And the Court should not dismiss Stuart's claim *sua sponte* as time-barred. *See Wilson v. U.S. Penitentiary Leavenworth*, 450 F. App'x 397, 399 (5th Cir. 2011) (per curiam) (If "'it is clear from the face of a complaint ... that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed' as frivolous." (quoting *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993))); *cf. Snowton v. United States*, No. 3:18-cv-2900-S-BN, 2018 WL 6202129, at \*2-\*3 (N.D. Tex. Nov. 2, 2018) (recommending dismissal without prejudice of *pro se* plaintiff's FTCA claims as time-barred because complaint did not allege any facts supporting

equitable tolling), *rec. adopted*, 2018 WL 6201423 (N.D. Tex. Nov. 27, 2018).

But the Court should not go further and rule on Stuart's motion for equitable tolling at this time.

"[T]he FTCA's statute of limitations is an affirmative defense for which the Government has the burden of proof." *Trinity Marine Prods., Inc. v. United States*, 812 F.3d 481, 486 (5th Cir. 2016) (citing *Sec. Indus. Ins. Co. v. United States*, 702 F.2d 1234, 1251 (5th Cir. 1983); citation omitted). Here, although the United States pleaded a statute-of-limitations defense in its answer, *see* Dkt. No. 21 at 9, it has not invoked the defense in a motion and, in fact, requests more time and discovery to ascertain whether Stuart's claim is barred or is subject to equitable tolling, *see* Dkt. No. 34 at 4. And it suggests that, "after developing the factual record, the parties [may be] able to reach an agreement about equitable tolling, without the necessity of seeking a judicial determination." *Id.*

And, so, determining whether equitable tolling applies in this case, before the United States has decided to contest Stuart's claims as time-barred, would be premature. *See Rule v. S. Indus. Mech. Maint. Co., L.L.C.*, No. 16-1408, 2017 WL 4276936, at *1 (W.D. La. Aug. 22, 2017) (finding plaintiff's motion for equitable tolling was premature because, "although [defendant] pleaded a limitations defense in its answer, it [had] yet to invoke the defense to preclude the claim of any prospective plaintiff"); *U.S. v. Harrison*, No. 10-40131-01-RDR, 2012 WL 1476073, at *1 (D. Kan. Apr. 27, 2012) ("[T]he question of tolling is ripe for adjudication only when a § 2255 motion has actually been filed and the statute of limitations has been raised by the

respondent or the court *sua sponte*.").

Equitable tolling also "turns on the facts and circumstances of a particular case." *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999); *see, e.g., Jones v. Cockrell*, No. 3:01-cv-279-M, 2003 WL 2141420, at *3 (N.D. Tex. May 22, 2003) (declining to apply equitable tolling where petitioner's impairment "caused him to be in pain" but did not "prevent[ ] him from writing in longhand or typing," as those activities "would [not] have exacerbated his condition"). The United States contends that it will not have all information relevant to the issues of limitations and equitable tolling until the close of discovery, once it has deposed Stuart. *See* Dkt. No. 34 at 5. And, where "it is unclear if equitable tolling is warranted," "it is premature for [the Court] to address" the issue. *In re Campbell*, 750 F.3d 523, 534 (5th Cir. 2014).

And, insofar as Stuart attempts to preclude an affirmative defense at this stage, the undersigned interprets his motion as a partial summary judgment motion. Because the United States has argued that more discovery is required to determine the issue of equitable tolling, the undersigned finds that the motion is premature under Rule 56(d). *See Maldonado v. McHugh*, No. EP-11-cv-388-KC, 2012 WL 3292419, at *6 (W.D. Tex. Aug. 10, 2012) (denying motion for summary judgment as premature where motion was filed well before court's deadline for discovery and before nonmovant had opportunity to conduct discovery).

And, so, the Court should deny Stuart's motion for equitable tolling [Dkt. No. 32] without prejudice.

### III.    Motion for Judicial Determination of Agency Relationship

Stuart moves the Court to determine that Dr. Ankit Patel and the University of Texas Southwestern Medical Center ("UTSW") were employees or agents of the United States based on a ruling in a prior state-court lawsuit. *See* Dkt. No. 33. He argues that

> [t]he United States cannot simultaneously argue that Dr. Patel was an independent contractor (to deny FTCA/§ 1151 liability) while also claiming sovereign immunity on his behalf (shielding him from personal liability). … Principles of judicial consistency and collateral estoppel bar relitigation of Patel's employment status: the Dallas County District Court has already decided he was entitled to sovereign immunity.

*Id.* at 2.

Because Stuart invokes collateral estoppel to determine a legal question and preclude a defense, the undersigned agrees with the United States that his motion should be treated as one for partial summary judgment. *See* Dkt. No. 35. But the United States does not contend that the motion is premature. And, so, the undersigned will assess the merits of the motion.

Collateral estoppel "precludes a party from litigating an issue already raised in an earlier action between the same parties only if (1) the issue at stake is identical to the one involved in the earlier action; (2) the issue was actually litigated in the prior action; and (3) the determination of the issue in the prior action was a necessary part of the judgment in that action." *Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 397 (5th Cir. 2004) (footnotes omitted); *see also Hacienda Records, L.P. v. Ramos*, 718 F. App'x 223, 228 (5th Cir. 2018) (per curiam) ("Issue preclusion or collateral estoppel prevents a party from litigating an issue it previously litigated and lost in another action and thus prevent[s] repetitious litigation of what is essentially

the same dispute, in addition to conserving judicial resources, maintaining consistency, and avoiding oppression or harassment of the adverse party." (cleaned up)). And "[c]omplete identity of parties in the two suits is not required" to establish collateral estoppel under federal law. *Wehling v. Columbia Broad. Sys.*, 721 F.2d 506, 508 (5th Cir. 1983).

In the state-court lawsuit, Stuart sued Dr. Patel and UTSW under the Texas Medical Liability Act for "negligen[ce] in providing medical treatment for Plaintiff's spine." Dkt. No. 33 at 4-5. The defendants moved to dismiss the claims against Dr. Patel because, "at all relevant times, Dr. Patel was a paid employee of UTSW acting within the course and scope of his employment with UTSW" and, so, was immune from suit under the Texas Tort Claims Act as a state government employee. *Id.* at 5. The state court dismissed all claims against Dr. Patel with prejudice. *See id.* at 9.

But here, Stuart asks the Court to find that Dr. Patel and UTSW "acted as employees or agents of [the VA] during their provision of care to Plaintiff under the VA Community Care Program." *Id.* at 1.

And, so, the issue presented here (whether Dr. Patel and UTSW were employees or agents of the VA) is not identical to the issue presented in the state-court proceedings (whether Dr. Patel was an employee or agent of UTSW and therefore immune from suit). And Stuart's collateral estoppel argument fails.

Stuart based his motion solely on collateral estoppel and did not provide any other evidence or arguments that Dr. Patel and UTSW were employees or agents of the VA or the United States. *See generally id.*

And, so, the Court should deny Stuart's motion for judicial determination [Dkt. No. 33] without prejudice.

## Recommendation

For the reasons explained above, the Court should deny Plaintiff Michael Stuart's pending motions [Dkt. Nos. 10, 32, & 33] without prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. See *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996)

DATED: February 19, 2026

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

- 12 -